UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:13-CV-80312

ELENA MARTELLI, individually and on
Behalf of all others similarly situated,

       Plaintiff,

v.

BRIAN MCENTEE, individually, and
ASSOCIATED PROPERTY
MANAGEMENT
OF THE PALM BEACHES, INC., a Florida
Profit Corporation,

       Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, ELENA MARTELLI ("Plaintiff") and Defendants, BRIAN MCENTEE, individually, and ASSOCIATED PROPERTY MANAGEMENT OF THE PALM BEACHES, INC., a Florida Profit Corporation ("Defendants"), (collectively "the Parties"), jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice. The Settlement Agreement between Elena Martelli and Brian McEntee and Associated Property Management of the Palm Beaches, Inc., is attached as Exhibit "A."[1]

---

1.     This Settlement Agreement is intended to encompass all wage based claims under Federal and Florida law arising from the Plaintiff's employment with the Defendants. The parties have also separately negotiated an agreement and release of other claims arising out of the Plaintiff's employment with the Defendants. The parties are willing to make that agreement available for in camera review if requested by the Court.

### I.     Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First 29 USC 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendants. The

proposed settlement arises out of an action brought by the Plaintiff against her former employer, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues, including the Plaintiff's claim for overtime wages in light of her classified exempt status. The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendants discussed the Plaintiff's alleged overtime hours and pay rate, regular hours worked and compensation earned, the applicability of exemptions to her position, calculation of damages, and formulated their own proposed settlement figures. The Parties then engaged in detailed settlement discussions, based upon their independent calculations. The Parties voluntarily agreed to the terms of their settlement at the conclusion of the negotiations.

## II.     Terms of Settlement

This case involved a claim for unpaid regular and overtime hours. The Plaintiff worked for Defendant(s), which, at all times, employed the Plaintiff in position it classified as exempt. The Parties had several in depth discussions on damages and exchanged detailed information concerning the Plaintiff's status, as well as the Plaintiff's pay and time records. Given the Parties' respective positions on the issue of exempt status, the Parties agree that they would incur great expense litigating this issue. The parties agreed that potential damages are $1,360.22. Defendants denied liability but agreed to pay $1,360.22.

The Parties also agreed that Plaintiff's counsel will receive $2,550.00 in attorney's fees and costs, which is included in the total amount of $3,910.22 to be paid by the Defendants to the Plaintiff. The attorney's fees and costs were negotiated separately from Plaintiff's recovery. Counsel for Plaintiff further stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that he accepts this in full satisfaction of the attorney's fees and costs incurred

on the Plaintiff's behalf. The Parties further state that there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement agreement. The settlement agreed upon in this matter—payment of $3,910.22 as full and final settlement, inclusive of attorneys' fees and costs— is fair and equitable under the teachings of *Lynn's Food Stores*.

The Parties, through their attorneys, voluntarily agreed to the terms of the settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. The Parties negotiated and settled Plaintiff's recovery and attorney's fees independently and in seriatim consistent with the court's ruling in *Bonetti v. Embarq Mgmt. Co.*, 2009 U.S. Dist. Lexis 68075 (M.D. Fla. Aug.4, 2009).

### III.   Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice.

Respectfully submitted on this 2nd day of July, 2013.

Respectfully submitted by,

_____
Bryan James Yarnell, Esq.
Florida Bar No. 889000
Gilbert I. Yarnell
11000 Prosperity Farms Road
Suite 205
Palm Beach Gardens, FL 33410
Telephone: (561) 622-1252
Facsimile: (561) 799-1904
**Attorney for Plaintiff**

Respectfully submitted by,

_____
Rachel K. Beige, Esq.
Florida Bar No. 0016366
Debra Rolnick Auerbach
Florida Bar No.: 84618
Cole, Scott & Kissane, P.A.
1645 Palm Beach Lakes Blvd., 2nd Flr.
West Palm Beach, Florida 33401
Telephone: (561) 393-9200
Facsimile: (561) 683-8977
**Attorney for Defendant**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by Plaintiff, ELENA MARTELLI, to Defendants, BRIAN MCENTEE, individually, and ASSOCIATED PROPERTY MANAGEMENT OF THE PALM BEACHES, INC., a Florida Profit Corporation.

WHEREAS, Plaintiff filed a lawsuit in the United States District Court, Southern District of Florida, Miami Division, Case No.: CASE NO.: 9:13-CV-80312, for alleged FLSA violations against Defendants; and

WHEREAS, Defendants deny any wrongdoing and deny Plaintiff's claims, as Defendants maintain that Plaintiff was employed in a capacity where she was exempt from the overtime provisions of the FLSA and otherwise properly compensated Plaintiff as required under the law, and Plaintiff disagrees with their denials and believes otherwise; and

WHEREAS, "Defendants" shall include its incorporators, Board of Directors, officers, owners, shareholders, servants, agents, insurers and its insurers' current and former agents, attorneys, employees, representatives, successors, assigns, partners, affiliates, all current, past and future subsidiaries, parents, related and affiliated corporations, sister corporations, divisions, branches, members, and any person, partnership, corporation, association, organization or entity acting directly or indirectly in its interest, or as an employer in relation to Plaintiff, including any person or entity acting with or on behalf of Defendants, personally, officially, or in any capacity whatsoever, past and present; and

WHEREAS, "Plaintiff" shall include her heirs, successors, administrators, agents, assigns and attorneys, any other parties of interest and/or representatives; and

WHEREAS, this Settlement Agreement is between Plaintiff and Defendants or the "Parties," and is hereinafter referred to as the "Release," or the "Agreement."

EXHIBIT A

NOW, THEREFORE, in consideration of the covenants contained herein, the payment from and on behalf of Defendants to Plaintiff, and her heirs, successors, administrators, agents, assigns or attorneys, any other parties of interest and/or representatives, and other valuable consideration, the receipt of which is hereby acknowledged, the parties hereto agree as follows:

1. The foregoing recitals are true and correct.

2. **Releases.** Except for the obligations contained herein, each Party hereto and each Party's attorneys do hereby irrevocably and unconditionally release, acquit, remise, and forever discharge the opposing Party or Parties hereto and all included persons and entities listed above from any and all rights, obligations, liens, claims, damages, demands, relief, liabilities, equities, actions and causes of action for wages, overtime pay, front or back pay, minimum wage, income from any source, declaratory or injunctive relief, lost benefits, commission, liquidated damages, compensatory or punitive damages, money, remuneration, attorneys' fees, costs, expert's fees and costs, expenses, or thing of value whatsoever, either Party has against any other Party, including but not limited to claims arising under or relating to:

  A. The Fair Labor Standards Act, 29 U.S.C. §§ 201, 206 and 207, *et seq.*

  B. Article X § 24, Florida Constitution, Florida Minimum Wage Amendment; and

  C. The Equal Pay Act of 1963.

The Parties agree that it is their express intent to enter into this full and final settlement and compromise of any and all wage and employment claims Plaintiff has against Defendants and any other claim that might exist between the Parties from the beginning of time to the present. The Parties recognize that no suit can be filed against any other Party hereto for any claim released as part of this Agreement.

Plaintiff's Initials ___

Defendants' Initials ___

Except for enforcement of this Agreement, if any Party should later initiate or participate in any legal action or proceeding against any other Party, for any cause of action including but not limited to any wage and employment claim arising or accruing before and through the effective date of this agreement, which the Party should not, this Agreement will be conclusive evidence that any such claims have been released.

3. **Dismissal of Civil Action.** Upon execution of this Agreement by all parties, the parties shall electronically file a joint motion for approval of settlement with incorporated memorandum of law that seeks approval of this agreement and dismissal with prejudice of the Federal Civil Action, which shall specify that each party shall bear its own attorney's fees and costs incurred in the Federal Civil Action, except as otherwise agreed by the parties. The parties further agree to take any additional action as required by the Court to obtain full dismissal with prejudice of the Federal Civil Action.

4. **Settlement Payment.** As settlement for all of Plaintiff's claims against Defendant, including, but not limited to those asserted in the Lawsuit for alleged FLSA violations, total payment in the amount of Three Thousand Nine Hundred Ten Dollars & 22/100 ($3,910.22) (the "Settlement Payments") shall be made by or on behalf of Defendants. The settlement amounts are to be drafted and delivered as follows:

> A. Check #1 to ELENA MARTELLI in the gross amount of Two Hundred Fifty Five Dollars and 50/100 ($255.50), in consideration of alleged overtime wages, minus relevant applicable withholdings and deductions. This payment must be delivered to Defendants' counsel upon settlement and Defendants' counsel will deliver the payment to Plaintiff's counsel within five (5) business days of approval from the Court of this settlement;

B. Check #2 to ELENA MARTELLI in the amount of Two Hundred Fifty Five Dollars and 50/100 ($255.50), in consideration of any and all liquidated and/or any other damages claimed. This payment must be made delivered to Defendants' counsel upon settlement and Defendants' counsel will deliver the payment to Plaintiff's counsel within five (5) business days of approval from the Court of this settlement;

C. Check #3 to ELENA MARTELLI in the amount of Eight Hundred Forty Nine Dollars and 22/100 ($849.22), in considerations for wages, minus applicable withholdings and deductions. This payment has already been made in the form of the final paycheck that was delivered to the Plaintiff through her counsel after suit was filed. Plaintiff acknowledges that she has deposited this payment and it has cleared her bank account.

D. Check #4 to BRYAN YARNELL, PLLC, in the amount of Two Thousand Five Hundred Fifty Dollars and 00/100 ($2,550.00), in consideration of attorneys' fees and costs. This payment must be delivered on or before July 31, 2013, to Defendants' counsel. Defendants' counsel will deliver the payment to Plaintiff's counsel at the later of within five (5) business days of approval from the Court of this settlement or July 31, 2013.

The portion attributable for wages will be subject to applicable withholding at the usual and customary rate. The payment to Plaintiff's counsel is for statutory attorneys' fees and costs under the FLSA and Florida Minimum Wage Amendment and is not subject to any withholding. The Plaintiff understands and agrees that such payment to her attorneys is in full and final satisfaction of any claim for attorneys' fees and constitutes full payment for any attorneys' fees and costs that she owes her counsel. Defendants make no representation as to the tax

Plaintiff's Initials ZM                                                Defendants' Initials ____

consequences or liability arising from the payment described herein. Moreover, the parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff. To this extent, Plaintiff acknowledges and agrees that she will pay any and all income tax which may be determined to be due in connection with the payment described in this paragraph. Defendants shall pay their share of the applicable payroll taxes that are ordinarily and customarily paid by employers as required by law. Defendants further agree that any monies that they withhold for taxes shall be paid to the Internal Revenue Service on behalf of the Plaintiff in the ordinary course of business.

5. **Resignation and Waiver of Reinstatement and Neutral Reference.** Plaintiff agrees and recognizes that her relationship and employment with Defendants has been permanently and irrevocably dissolved. Plaintiff expressly waives reinstatement.

Defendants further agree to provide a neutral reference (e.g., dates of employ and last job title) to any prospective employer of Plaintiff who contacts the Defendant(s) for an employment reference. Plaintiff agrees to direct all employment inquiries to the Human Resources Department of Associated Property Management of the Palm Beaches who, in response to any questions regarding the Plaintiff, shall only identify the dates of her employment and last job title.

6. **Not an Admission of Liability.** It is understood, agreed and stipulated between the parties that the consideration described herein is in complete and full accord, satisfaction and discharge of disputed wage and employment claims, and that Defendants do not in any manner by virtue of this Agreement, or payment of the consideration therefore, admit liability to anyone as a result of any incident, act or omission described in or cognizable by the aforementioned claims, charges or causes of action, and it is recognized that Defendants have denied and continues to deny all such allegations.

7.  **Complete Agreement.** This Agreement contains the entire agreement, understanding and stipulation between the parties hereto. The Parties to this Agreement acknowledge that they have had full possession of any and all facts with regard to their claims or rights, and that they have had ample opportunity to consult with an attorney, any governmental agency of their choosing and/or such other advisors as they have deemed appropriate to be fully advised of the rights and obligations incurred or waived hereby. The terms of this Agreement are contractual, not mere recitals, and may be enforced in Court.

8.  Each of the parties warrant to each other that each has full power, authority and capacity to execute this Agreement. The parties represent to each other that the effect of this Agreement has been fully explained to each of them and the Agreement is understood and agreed to by them. Plaintiff warrants and represents that she is the owner of the claims asserted and has not transferred or assigned them, except as represented in this Agreement.

9.  This Agreement is deemed to have been drafted jointly by the parties. Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. The terms of this Agreement are executed without reliance upon any representations except those contained herein, and the parties have carefully read this Settlement Agreement and sign the same of their own free will.

10. Should any provision of this Agreement be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

11. This Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida, and shall be subject to the exclusive jurisdiction of the United States District Court, Southern District of

Plaintiff's Initials _GM_                                      Defendants' Initials ____

Florida, Broward Division, which shall retain jurisdiction to enforce this Agreement. All parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the parties herein.

12. Should any party to this Agreement be required to enforce the terms of this agreement against a breaching party, upon a proven breach, the prevailing party shall be entitled to recover as damages any reasonable attorneys' fees and costs incurred by the non-breaching party from the moment the breach occurs through final judgment. The Court shall reserve jurisdiction to enforce the terms of the settlement agreement.

13. Each Party has been advised to seek the advice of a Certified Public Accountant or other tax advisor to insure and review the Settlement Agreement and to advise each Party concerning how all of the terms and conditions set forth herein may affect their future tax liabilities. All Parties hereto hereby acknowledge and agree that each has had the opportunity to retain his or her own Certified Public Accountants, tax advisor or tax attorney with reference to the tax implications of this Settlement Agreement. Further, all Parties hereby acknowledge that neither has relied upon the tax implications of this Settlement Agreement. Further the Parties acknowledge and agree that their signatures to this Agreement serve as the acknowledgment that they have read this particular paragraph and that they have had the opportunity to seek independent advice. All Parties acknowledge that their respective attorneys provided them no tax advice and have not relied on any representations of their respective attorneys as providing any tax advice.

14. This agreement may be signed in counterparts, fax copies to be considered original.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the dates set forth below.

_____
BRIAN MCENTEE
Date: Jul 02, 2013

_____
ELENA MARTELLI, Plaintiff
Date: 7/3/13

_____
ASSOCIATED PROPERTY MANAGEMENT
OF THE PALM BEACHES, INC.
By: Brian McEntee
Title: President
Date: Jul 02, 2013

Plaintiff's Initials _____

Defendants' Initials _____